# United States Court of Appeals
## For the First Circuit

No. 19-2243

IN RE: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE COMMONWEALTH OF PUERTO RICO; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE PUERTO RICO ELECTRIC POWER AUTHORITY (PREPA); THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE PUERTO RICO SALES TAX FINANCING CORPORATION, a/k/a Cofina; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,

Debtors.

HERMANDAD DE EMPLEADOS DEL FONDO DEL SEGURO DEL ESTADO, INC., a/k/a Unión de Empleados de la Corporación del Fondo del Seguro del Estado (UECFSE); UNIÓN DE MÉDICOS DE LA CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO CORP. (UMCFSE); LIZBETH MERCADO CORDERO; FRANCISCO J. REYES MÁRQUEZ,

Plaintiffs, Appellants,

ASOCIACIÓN DE EMPLEADOS GERENCIALES DEL FONDO DEL SEGURO DEL ESTADO CORP. (AEGFSE); EVA E. MELÉNDEZ FRAGUADA; JOSÉ E. ORTIZ TORRES,

Plaintiffs,

v.

UNITED STATES; FINANCIAL OVERSIGHT AND MANAGEMENT BOARD; COMMONWEALTH OF PUERTO RICO,

Defendants, Appellees,

RICARDO ROSSELLÓ NEVARES, through the Secretary of Justice;
ROSA E. RODRÍGUEZ-VÉLEZ,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Laura Taylor Swain,[*] U.S. District Judge]

Before

Thompson, Kayatta, and Barron,
Circuit Judges.

Rolando Emmanuelli Jiménez, with whom Jessica E. Méndez Colberg and Bufete Emmanuelli, C.S.P. were on brief, for appellants.

Benjamin H. Torrance, Assistant United States Attorney, with whom Geoffrey S. Berman, United States Attorney, and David S. Jones, Assistant United States Attorney, were on brief, for appellee the United States.

Mark D. Harris, with whom Timothy W. Mungovan, John E. Roberts, Laura Stafford, Larry Alan Rappaport, Martin J. Bienenstock, Stephen L. Ratner, Jeffrey W. Levitan, Shiloh Rainwater, and Proskauer Rose LLP were on brief, for appellees the Financial Oversight and Management Board and the Commonwealth of Puerto Rico.

April 16, 2021

[*]    Of the Southern District of New York, sitting by designation.

**BARRON**, <u>Circuit Judge</u>.  Two unions representing public employees in Puerto Rico together with one of their individual members brought this suit against the United States, the Financial Oversight and Management Board ("FOMB"), and the Commonwealth raising a range of claims under federal constitutional and international law.  The claims all concern the legal status of Puerto Rico.  The District Court dismissed them because it concluded that the plaintiffs lacked standing to bring them under Article III of the federal Constitution.  We affirm.

## I.

The plaintiffs are two unions, Hermandad de Empleados del Fondo del Seguro del Estado, Inc., and Unión de Médicos de la Corporación del Fondo del Seguro del Estado Corp., and one of their members, Lizbeth Mercado Cordero.[1]  The unions have a combined membership of about two thousand employees, and they have each entered into collective bargaining agreements with CFSE, which is Puerto Rico's State Insurance Fund Corporation.

The plaintiffs brought their suit in May 2018 and filed their second amended complaint on October 5, 2018, against the United States, the FOMB, and the Commonwealth of Puerto Rico.  The eighty-one-page complaint requests a declaration that the Puerto Rico Oversight, Management, and Economic Stability Act

_____

[1]  Francisco J. Reyes Márquez was an additional individual plaintiff below, but has since passed away.

("PROMESA"), see 48 U.S.C. § 2101 et seq., and all of the FOMB's actions taken pursuant to it violate the First, Fifth, Thirteenth, Fourteenth, and Fifteenth Amendments of the U.S. Constitution; seeks to "enjoin[] and stay[]" the defendants "from pursuing this and any . . . cases" under PROMESA and from taking any other actions under that law; requests a declaration "overruling the Insular Cases because they instituted an unconstitutional colonial regime"; and requests an order "declar[ing] the existence of an illegal colonial regime that is subject to the procedures enacted by international law to decolonize[] Puerto Rico, under the Declaration on the Granting of Independence to Colonial Countries and Peoples, adopted by General Assembly resolution 1514 (XV) of December 14, 1960."

On the defendants' motions, the District Court dismissed the plaintiffs' claims for declaratory relief for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). It reasoned that the plaintiffs had failed to allege concrete and particularized injuries that their requested relief could redress. It concluded on this ground that the plaintiffs had "failed to demonstrate that they have standing to pursue their claims."[2] The plaintiffs timely appealed.

---

[2] The District Court did not reach the defendants' Rule 12(b)(6) arguments.

- 4 -

**II.**

Article III limits the judicial power to actual cases and controversies.  See U.S. Const. art. III, § 2, cl. 1.  An actual case or controversy only exists if the plaintiff has demonstrated "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends."  Baker v. Carr, 369 U.S. 186, 204 (1962).

"To satisfy the personal stake requirement, [the] plaintiff must establish each part of a familiar triad:  injury, causation, and redressability."  Katz v. Pershing, LLC, 672 F.3d 64, 71 (1st Cir. 2012) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)).  The redressability element of constitutional standing requires that the plaintiff show "that a favorable resolution of [the] claim would likely redress the professed injury."  Id. at 72.  That means "it cannot be merely speculative that, if a court grants the requested relief, the injury will be redressed."  Dantzler, Inc. v. Empresas Berríos Inventory & Operations, Inc., 958 F.3d 38, 47 (1st Cir. 2020) (citing Simon v. E. Ky. Welfare Rts. Org., 426 U.S. 26, 42-43 (1976)).  And although the plaintiff "need not demonstrate that [the] entire injury will be redressed by a favorable judgment, [the plaintiff] must show that the court can fashion a remedy that will at least lessen [the] injury."  Id. at 49 (citing Antilles

- 5 -

Cement Corp. v. Fortuño, 670 F.3d 310, 318 (1st Cir. 2012)).  Our review of a ruling as to whether the requirements of Article III standing have been met is de novo.  See Me. People's All. v. Mallinckrodt, Inc., 471 F.3d 277, 283 (1st Cir. 2006).

The plaintiffs contend that the District Court erred in dismissing their suit on Article III grounds in part because their second amended complaint had alleged that "the enactment of laws by the Commonwealth that were incorporated to the Fiscal Plans certified by the FOMB" "inva[ded]" their "pecuniary interest, collective bargaining agreement and property (employment, salaries, bonuses, pensions and health plans)."  The laws in question are Acts 66-2014, 3-2017, 8-2017, and 26-2017, each of which the plaintiffs allege "impair[s] . . . labor rights and benefits" that their collective bargaining agreements had previously secured.  The fiscal plan in question is the Commonwealth's Fiscal Plan of 2018, certified by the FOMB on June 29 of that year.  That plan provides in relevant part that a payroll and hiring freeze for public employees as well as certain restrictions to their healthcare and to their sick and vacation days "must be continued."

The problem with the plaintiffs' contention is that none of the relief that they seek would prevent any of the laws that they contend caused them pecuniary harm from continuing to have full force and effect.  For that reason, it is entirely speculative

on this record that any of that relief would spare the plaintiffs the pecuniary harm that they trace back to those laws.  And, because it is entirely speculative on this record that such relief would redress the claimed pecuniary harm, that claimed pecuniary harm provides no support for the plaintiffs' argument that the District Court erred in dismissing their claims for lack of Article III standing.  See Dantzler, 958 F.3d at 47, 49.

The plaintiffs do separately contend that they have standing to seek the relief at issue because PROMESA's constraints and the FOMB's oversight powers dilute the power of their vote in elections in Puerto Rico due to the limits that PROMESA and the FOMB place on the powers of the Puerto Rico government.  But, the plaintiffs do not contend that any of these limits have diluted their voting power within Puerto Rico vis-à-vis others in Puerto Rico.  Thus, the precedents on which they rely to show that the burden imposed on their right to vote suffices to secure their standing under Article III are readily distinguished.  See, e.g., Baker, 369 U.S. at 207-08 (explaining that the statute in question inflicted an injury on the plaintiffs because it "disfavor[ed] the voters in the counties in which they reside, placing them in a position of constitutionally unjustifiable inequality vis-à-vis voters in irrationally favored counties").

In the end, the plaintiffs are contending that the harm they have suffered results from the fact that PROMESA and the

FOMB's actions are preemptive of local law. The plaintiffs fail to explain, however, why this type of harm is not a generalized grievance of just the sort that cannot suffice the demands of Article III. See Gill v. Whitford, 138 S. Ct. 1916, 1923 (2018) (explaining that plaintiffs must show a concrete and particularized injury to demonstrate that they have a "'personal stake in the outcome,' distinct from a 'generally available grievance about government'" (citation omitted) (first quoting Baker, 369 U.S. at 204; and then quoting Lance v. Coffman, 549 U.S. 437, 439 (2007))).

The plaintiffs do assert at one point in their briefing that "the fact that they do not have a right to vote for the federal officers who appointed and imposed PROMESA, aggravates their [voting rights] injury." But, even assuming that this assertion is responsive to the concern that the plaintiffs are seeking relief for what is merely a generalized grievance, none of the relief that they seek would redress their injury insofar as it inheres in restrictions in their ability to vote in federal elections. Thus, this argument, too, fails to show that the District Court erred in dismissing their claim on standing grounds.

**III.**

The issues that the plaintiffs' complaint raises concerning the legal status of Puerto Rico are weighty ones. But, to be fit for adjudication in federal court, they must be raised

in a suit that satisfies the requirements of Article III. Because we agree with the District Court that the plaintiffs have not met their burden to satisfy those federal constitutional requirements, we affirm the order dismissing their claims for lack of standing.